**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JOSEPH DERRICK HARPER                                                    PLAINTIFF
ADC #153091

v.                                    3:20-cv-00320-JM-JJV

KEVIN MOULDER, *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.  INTRODUCTION

Joseph Derrick Harper ("Plaintiff") is incarcerated at the Poinsett County Detention Center. On October 13, 2020, he filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He sued Poinsett County Sheriff Kevin Moulder in his personal and official capacities.  (*Id.* at 1-2.)

Plaintiff did not, however, make any factual allegations against Defendant Moulder. Plaintiff complained about medical care he received after he cut his leg at the Poinsett County Detention Center on August 23, 2020. (*Id*. at 4, 6.) He also made conditions of confinement claims. (*Id*. at 6-7.) Plaintiff additionally complained about wrongs to other inmates. (*Id*. at 7.)

Plaintiff's *in forma pauperis* status and incarceration at the Poinsett County Detention Center triggered automatic screening of his complaint. *See* 28 U.S.C.§ 1915(e); 28 U.S.C. § 1915A. Upon initial screening, I advised Plaintiff that his Complaint failed to state a claim upon which relief may be granted and explained why. (Doc. No. 3.) I gave Plaintiff the chance to file a superseding Amended Complaint, which he did on October 22, 2020. (Doc. No. 3 at 8-9; Doc. No. 5). Plaintiff was informed that the Court will only consider claims properly pled in a Complaint or Superseding Amended Complaint, and that the Court would not consider claims set out in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure. (Doc. No. 3 at 8-9.)

In his Amended Complaint, Plaintiff sued the Poinsett County Sheriff Kevin Moulder, Jail Administration Chief Deputy Jeremy Lally, Captain Trisha Marshall, Accounting Assistant Regina Hindman, Jail Supervisor Doyle Ramey, Jailors Matt Hall, Trey Camp, and Logan Mayer, as well as Nurse Susan Cox. (Doc. No. 5.) He sued all Defendants in their official capacities only. (*Id*. at 2, 6.)

Plaintiff alleges Defendant Hindman took money from his account. (*Id*. at 4.) He asserts that Defendants Moulder, Lally, Marshall, Hindman, Ramey, Hall, Camp, and Mayer denied him his right to go outside. (*Id*.) According to Plaintiff, there is black mold in the Detention Center that "should be cleaned and/or removed by a haz mat team that wears respirators." (*Id*.) Plaintiff

appears to make deliberate indifference to medical needs claim against Defendants Mayer, Ramey, and Cox. (*Id*.) Plaintiff also writes:

> [All Defendants are] aware of confinement conditions, and of my civil rights being violated, and all inmates, and are aware, and in all forms trained inadequately, to enforce deliberate deprivation of rights. I'm deprived daily of my rights. If one right is violated then I feel all my rights are, I've not been to court in 115 days. These people/staff fail to take us to court. A scheduling order was shown to me in my cell. By law I should have an hour outside every day.

(Doc. No. 5 at 6.) He seeks damages and his release from jail. (*Id*. at 5.)

I will now continue screening the claims in Plaintiff's Amended Complaint.

## II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint

must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

As explained in more detail below, Plaintiff's allegations fail to state a § 1983 claim on which relief may be granted.

Plaintiff sued Defendants in their official capacities only. (Doc. No. 5 at 2.) In addition to checking the "official capacity only" box, Plaintiff noted "all official capacity" when he identified Defendants in his Complaint. (*Id*. at 6.) Plaintiff's official capacity claims against Defendants are the equivalent of claims against Poinsett County. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

I explained to Plaintiff the requirements of an official capacity claim when I gave him the opportunity to file an Amended Complaint. (Doc. No. 3 at 4.) Nonetheless, Plaintiff did not allege his injury was caused by an official policy or deliberately indifferent failure to train. (*See* Doc. No. 5.) And he did not allege a widespread custom and deliberate indifference or tacit authorization of allegedly unlawful conduct. *See Kelly v. City of Omaha, Nebraska*, 813 F.3d 1070, 1075-76 (8th Cir. 2016). Accordingly, Plaintiff's official capacity claims fail. Because Plaintiff sued Defendants in their official capacities only, I recommend Plaintiff's claims be dismissed without prejudice for failure to state a claim on which relief may be granted.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's claims be dismissed without prejudice for failure to state a claim on which relief may be granted.

2.    Plaintiff's Complaint, as amended (Doc. No. 5) be dismissed.

3.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 22nd day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."